UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENYA BROWN,
    Plaintiff,

v.

SCOTT SEMPLE, et al.,
    Defendants.

No. 3:16-cv-01144 (SRU)

### RULING ON PENDING MOTIONS

The plaintiff, Kenya Brown, is incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut. He has filed a civil rights complaint against Commissioner Scott Semple, Director of Mental Health Dr. Robert Trestman, Dr. Henry Crabbe, Dr. Gerald Gagne, Jr., Warden Santiago, Deputy Warden Robert Martin, Deputy Warden Jeffrey Zegarzewski, Captain James Shabanes, Correctional Officer Aponte, Health Services Administrator Ron Labonte, and Administrative Remedy Coordinator Kimberly Daly. In connection with that complaint, Brown has filed a large number of motions, including a motion for reconsideration of my Initial Review Order addressing the complaint; a motion for extension of time to file an amended complaint; two motions for order to show cause; two motions to compel; a motion to vacate objection; a motion to strike objection; a motion for order; a motion to modify scheduling order; a motion for default; and a motion for sanctions. In addition, the defendants have filed a motion for extension of time to respond to discovery; three motions for extension of time to respond to the amended complaint; and two motions to withdraw admissions.

    For the reasons set forth below, I grant Brown's motion for reconsideration, Doc. No. 20, but deny his requested relief. I grant Brown's motion to modify scheduling order, Doc. No. 53, and grant in part and deny in part his first motion for order to show cause, Doc. No. 24. I also grant *nunc pro tunc* the defendants' motion for extension of time to respond to discovery, Doc.

No. 46, grant absent objection their first motion to withdraw admissions, Doc. No. 47, and grant their third motion for extension of time to respond to discovery, Doc. No. 74.

I deny as moot Brown's motion for extension of time to amend the pleadings, Doc. No. 23. I deny without prejudice Brown's first motion to compel, Doc. No. 44, and his motion for default, Doc. No. 58. I deny Brown's second motion for order to show cause, Doc. No. 29, his second motion to compel, Doc. No. 50, and his motion for sanctions, Doc. No. 63. I deny for lack of good cause shown Brown's motion to vacate objection, Doc. No. 49, and motion to strike objection, Doc. No. 62. I also deny without prejudice as premature the defendants' motions for extension of time to respond to the amended complaint, Docs. Nos. 37, 51, & 71, and deny as moot their second motion to withdraw admissions, Doc. No. 67.

## I.     Motion for Reconsideration [Doc. No. 20]

Brown initiated this action by filing a complaint against Commissioner Semple, Director of Mental Health Trestman, Dr. Crabbe, Dr. Gagne, Warden Santiago, Deputy Wardens Martin and Zegarzewski, Captain Shabenas, Correctional Officer Aponte, Health Services Administrator LaBonte and Administrative Remedy Coordinator Daly. He asserted claims pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 and the Protection and Advocacy for Mentally Ill Individuals Act of 1986 ("PAIMI"), codified at 42 U.S.C. §§ 10801–10805.

On August 16, 2016, I dismissed pursuant to 28 U.S.C. § 1915A(b)(1) the claims under 42 U.S.C. §§ 1981 and 1988 and PAIMII, all claims against Grievance Administrator Daly, and the property claim against Officer Aponte. I also dismissed pursuant to 28 U.S.C. § 1915A(b)(2) the claims for monetary damages against Commissioner Semple and Director Trestman. I allowed to proceed Brown's First Amendment retaliation claims, his Eighth Amendment claims

2

for deliberate indifference to safety, health and mental health needs, his Equal Protection claim, and his claim of conspiracy to violate his constitutional rights.

Brown now seeks reconsideration of the dismissal of his property claim against Aponte and his redress of grievances claim against Grievance Administrator Daly. The standard governing motions for reconsideration is strict. Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the decision. *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. *Kolel Beth Yechiel Mechil of Tartikov v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A party may not, however, use a motion for reconsideration to re-argue prior issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple." *Analytical Surveys v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012).

Brown states that at the time I issued the Initial Review Order, he was in the process of drafting an amended complaint to clarify and expand on his claims against Grievance Administrator Daly and Officer Aponte. With regard to the claim against Officer Aponte, Brown does not assert how the dismissal of the property claim was improper. Rather, he simply states that he intends to include new facts regarding the property claim in the amended complaint.

I conclude that Brown has not identified any facts that I overlooked in dismissing the property claim against Aponte. Thus, I grant Brown's motion for reconsideration and have

3

conducted a careful review of his arguments, but I deny Brown's requested relief and affirm my ruling dismissing the property claim against Aponte.

With regard to Grievance Administrator Daly, Brown contends that I misunderstood his claim against her. In his supplemental memorandum in support of his motion for reconsideration, Brown elaborates on and explains his claim against Grievance Administrator Daly in more detail. In the Initial Review Order addressing the allegations in the complaint, I described Brown's claims against Grievance Administrator Daly as follows:

> Brown states that prior to his transfer to Cheshire, he spoke to officials at Corrigan about his objections to the transfer and also filed written grievances with Grievance Administrator Daly. She returned the grievances because he had not attached evidence that he had submitted informal requests to prison officials regarding his objections to the transfer. She directed Brown to submit informal requests and then to re-file his grievances. Brown contends that he attempted to resolve his issues verbally but was unsuccessful. Brown states that Administrator Daly violated his Fourteenth Amendment due process rights because she made it difficult or impossible for him to exhaust his administrative remedies because she either did not respond to his grievances or returned them as deficient in some way.

Initial Review Order, Doc. No. 17 at 7–8. I concluded that Brown was challenging Grievance Administrator Daly's conduct as violative of the Department of Correction's grievance procedures, and noted that violations of such procedures did not rise to the level of a constitutional violation of Brown's due process rights. *See id.* at 8 (citing *Shell v. Brzesniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005) ("Inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim.")). I further observed that, although Grievance Administrator Daly had returned the initial grievances that Brown had filed, Brown stated that he filed four new grievances and received receipts for those grievances from District 125 in June 2016. *See id.* I concluded that Grievance Administrator Daly's alleged failure to

4

process Brown's grievances had not precluded him from pursuing his claims regarding his improper transfer to Cheshire in this action. *See id.*

Brown contends that I mis-characterized the receipts that he received from Grievance Administrator Daly in June 2016. I disagree. A review of the allegations in the complaint reflects that I accurately related the facts pertaining to Grievance Administrator Daly in the Initial Review Order. *See* Compl., Doc. No. 1, at 19–21.

Brown's description of his claims against Daly have not changed. He asserts that Daly intentionally refused to process or consider the grievances that he filed on two occasions in accordance with Department of Correction Administrative Directives and that he had in fact attempted informal resolution prior to filing the grievances, or that he should have been excused from doing so given the short time frame that existed before he was to be transferred. Accordingly, Brown asserts that Daly improperly processed his grievances in violation of the Department of Correction Administrative Directives and his due process rights. Such a claim is not cognizable in a section 1983 action.

I conclude that Brown has not identified any facts that I overlooked in dismissing his due process claim against Daly. Thus, I grant Brown's motion for reconsideration and have conducted a careful review of his arguments, but I deny Brown's requested relief and affirm my ruling dismissing the claims against Daly.

**II.     Motion for Extension of Time to Amend Pleadings [Doc. No. 23]**

Brown seeks an extension of time to file an amended complaint until after I rule on his motion for reconsideration. Because Brown already filed a motion for leave to amend on October 24, 2016, I deny the motion as moot.

### III.     Motions for Extension of Time [Docs. Nos. 37, 51, & 71]

The defendants seek extensions of time to respond to the amended complaint. Because I have not yet ruled on Brown's motion for leave to file an amended complaint, I deny without prejudice as premature the defendants' motions for extension of time to respond to the amended complaint. After ruling on the motion to amend and addressing the allegations in the amended complaint, I will issue an order directing the defendants to respond to the amended complaint.

### IV.     Motion for Default [Doc. No. 58]

Brown seeks to default the defendants for failure to plead. The docket reflects that defendants Aponte, Martin, Santiago and Semple signed waivers of service of summons forms. At the November 15, 2016 telephone status conference, counsel for the defendants agreed to accept service for Trestman, Labonte, Gagne, Zegarzewski and Shabenas.

Because the motion for leave to file an amended complaint remains pending, I do not consider the defendants to be in default for failure to plead. As indicated above, after ruling on Brown's motion to amend and addressing the allegations in the amended complaint, I will issue a new order directing the defendants to respond to the amended complaint. Therefore, I deny without prejudice Brown's motion for default for failure to plead.

### V.      Motions for Order to Show Cause [Docs. Nos. 24 & 29]

On July 12, 2016 and July 15, 2016, I held conference calls on the record with the parties to address allegations made by Brown in his motion for temporary restraining order regarding mental health treatment. *See* Conf. Mem. & Order, Doc. No. 10. The parties agreed that Dr. Craig Burns, Chief of Psychiatry for the Department of Correction, would perform a complete evaluation of Brown to determine the degree of mental health care that was necessary to treat

6

Brown's mental illness and the appropriate level at which to classify Brown based on that determination. *See id.* In addition, Dr. Burns would determine which prison facility or facilities could provide the necessary mental health treatment for Brown based on the mental health classification level applicable to Brown. In the interim, mental health providers at Cheshire would treat Brown at least twice a week, but he would also have the option to seek additional treatment, if necessary. *See id.* Counsel for the defendants proposed that the evaluation by Dr. Burns be completed by the end of August 2016. *See id.*

In the first motion for order to show cause, Brown seeks an order directing the defendants to show cause why Dr. Burns has not conducted the examination of his mental health. In addition, he asserts that mental health staff at Cheshire have only partially complied with the proposal for weekly mental health treatment.

In the second motion, Brown seeks an order directing the defendants to show cause why Dr. Burns has not conducted the examination of his mental health. On September 12, 2016, I granted the defendants' motion for extension of time to complete Brown's mental health examination. On November 14, 2016, counsel for the defendants reported that Dr. Burns had completed his examination and evaluation of Brown on October 18, 2016.

Because the mental health examination has been completed, I deny Brown's second motion for order to show cause. I also deny Brown's first motion for order to show cause to the extent that it seeks relief related to the completion of the mental health exam by Dr. Burns.

With regard the information provided by Brown related to the weekly mental health treatment that staff have provided to him at Cheshire, Brown's complaint is that, on four occasions, there was no mental health provider available at the facility to provide treatment after

7

2:30 p.m. Accordingly, I grant Brown's first motion to the extent that I order the defendants to file a notice indicating whether mental health staff at Cheshire have been able to provide Brown with twice-weekly mental health treatment, as well as any additional mental health treatment sought by Brown. I also direct the defendants to address what services are available at Cheshire after 2:30 p.m. each day. The notice shall be filed within twenty days of the date of this order.

## VI.     Motion for Order [Doc. No. 52]

Brown seeks a copy of the mental health evaluation prepared by Dr. Burns. Brown states that counsel for the defendants made reference to the report at the November 15, 2016 telephone conference, but that he has not received a copy of the report. The defendants have not objected to Brown's motion. Accordingly, I grant the motion, and direct counsel for the defendants to mail or deliver to Brown a copy of Dr. Burns's report within ten days of the date of this order.

## VII.    Motion to Modify Scheduling Order [Doc. No. 53]

Brown seeks to revise the date by which discovery is to be completed due to the delays in scheduling depositions of the defendants and in receiving discovery material from counsel for the defendants. I grant the motion, and enter the following scheduling order: Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Motions for summary judgment, if any, shall be filed within seven months (210 days) from the date of this order.

## VIII.   Motion for Sanctions [Doc. No. 63]

On November 15, 2016, I conducted a telephone conference with Brown and counsel for the defendants. During the conference, I addressed Brown's motions for depositions, and determined that Brown should be permitted to conduct oral depositions in person, provided that a

correctional officer be present. *See* Conf. Mem. & Order, Doc. No. 41. On January 23, 2017, I directed counsel for the defendants to make every effort to cooperate with Brown in scheduling and conducting the depositions. *See* Rul. Pending Mots., Doc. No. 55.

Brown states that he has attempted to schedule the depositions of Dr. Crabbe, Deputy Warden Zegarzewski, Officer Aponte and HSA LaBonte, but that counsel for the defendants has deliberately attempted to thwart his attempts to do so. He asks that I impose sanctions.

Brown attaches to his motion for sanctions a letter from defendants' counsel that reflects that Brown noticed the depositions of Dr. Crabbe, Deputy Warden Zegarzewski, Officer Aponte and HSA LaBonte for February 9, 2017. Counsel indicated that she would be unavailable on that day and asked that the depositions be re-scheduled. Counsel provided a legitimate reason for her unavailability, and asked that Brown inform her of alternative dates when the depositions could be conducted.

There is no evidence that counsel has attempted to deliberately delay Brown's attempts to depose Dr. Crabbe, Deputy Warden Zegarzewski, Officer Aponte and HAS LaBonte. Because counsel acted reasonably in response to Brown's attempt to schedule the depositions in early February 2017, sanctions are unwarranted. I deny the motion for sanctions.

### IX.     Motion to Withdraw Admissions [Doc. No. 47]

On November 23, 2016, counsel for the defendants received requests for admission that were dated August 19, 2016 and addressed to Commissioner Scott Semple, Director Dr. Robert Trestman, Dr. Crabbe, Dr. Gerald Gagne, Jr., Warden Santiago, Deputy Warden Robert Martin, Deputy Warden Jeffery Zegarzewski, Captain James Shabenas, Correctional Officer Aponte and Health Services Administrator Ron LaBonte. None of the defendants replied to the requests for

admission. Federal Rule of Civil Procedure 36(a) provides that "[e]ach matter of which an admission is requested . . . is admitted unless, within thirty days after service of the request . . .the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." This rule does not require any action on the part of the plaintiff to become operative; it is automatically invoked after thirty days. Thus, the requests for admission served on defendants Semple, Trestman, Crabbe, Gagne, Santiago, Martin, Zegarzewski, Shabenas, Aponte and LaBonte on November 23, 2016 have been deemed admitted by operation of Rule 36(a).

The defendants now move to withdraw those admissions. Under Rule 36(b), a court may "permit withdrawal or amendment" of an admission if (1) "it would promote the presentation of the merits of the action" and (2) it would not "prejudice the requesting party in maintaining or defending the action on the merits." *Id.* "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Vandever v. Murphy*, 2012 WL 55057257, at *2 (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). The "decision to excuse the defendant from its admissions is in the court's discretion." *Id.*

Counsel for the defendants states that she inadvertently missed the December 23, 2016 deadline for responding to the requests for admission that were received by her on November 23, 2016. With regard to the first prong of Rule 36(b), permitting the withdrawal of the deemed admissions undoubtedly would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). With regard to the second prong, counsel contends that plaintiff would not be

10

prejudiced should the court grant defendants' motion. Brown has filed no objection to the motion.

I conclude that at this stage of the litigation, particularly in view of my order extending the deadline for completion of discovery, Brown will not be prejudiced by permitting the defendants to withdraw the admissions. I grant the motion absent objection.

### X.     Motion to Withdraw Admissions [Doc. No. 67]

As indicated above, I have granted the defendants' request to withdraw admissions with regard to the requests for admission dated August 19, 2016 that were addressed to defendants Semple, Trestman, Crabbe, Gagne, Santiago, Martin, Zegarzewski, Shabenas, Aponte and LaBonte, and received by counsel for the defendants on November 23, 2016.

I granted the defendants an extension of time until February 28, 2017 to respond to the requests for admission. On March 1, 2017, the defendants filed a second motion to withdraw admissions and a motion for extension of time to respond to discovery requests, including the August 19, 2016 requests for admission. On March 6, 2017, I granted the motion for extension of time until April 1, 2017 to respond to discovery requests. Because I have extended the time by which the defendants must respond to the August 19, 2016 requests for admission, the requests for admission have not automatically been deemed admitted. Thus, I deny as moot the second motion to withdraw admissions. Further extensions of time are unlikely to be granted.

### XI.    Motions for Extension of Time to Respond to Discovery [Docs. No. 46 & 74]

Defendants seek an extension of time until February 28, 2017, to respond to requests for admissions, interrogatories and requests for production of documents received from Brown on November 23, 2016. Doc. No. 46. I grant the defendants' motion *nunc pro tunc*.

11

Defendant Semple seeks a further extension of time until April 5, 2017, to respond to Brown's discovery requests. Doc. No. 74. I grant the motion, but caution that future extensions of time are unlikely to be granted.

## XII.     Motion to Compel [Doc. No. 50]
         Motion to Strike Objection [Doc. No. 62]

Brown seeks to compel the defendants to produce affidavits from fifteen non-party individuals. Brown states that he served motions for affidavits of non-parties on counsel for the defendants pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Counsel for the defendants has filed an objection on the ground that she is not required to incur time and expense in securing discovery material for Brown with regard to non-party witnesses.

Brown has filed a motion to strike counsel's objection to the motion to compel. The motion to strike is in essence a reply to counsel's objection to his motion to compel. It fails to include any basis to strike the objection. Accordingly, I deny the motion to strike for lack of good cause shown.

As a preliminary matter, Rule 26(a) of the Federal Rules of Civil Procedure which governs initial disclosures of information and documents is inapplicable to this action. *See* Fed. R. Civ. P. 26(a)(1)(B) (the parties in "an action brought without an attorney by a person in custody of the United States, a state or a state subdivision" is exempt from the duty to make initial disclosures under Rule 26(a)). In support of the motion to compel, Brown states that the non-party affidavits are relevant to his damages claim and are reasonably calculated to lead to the discovery of admissible evidence regarding the complaint.

There is nothing in the record, however, to suggest that Assistant Attorney General Melchionne represents the non-parties from whom Brown seeks affidavits. Rule 26(b)(1) does

12

not require the attorney who represents the defendant in an action to provide affidavits from non-parties to a plaintiff.

The Federal Rules of Civil Procedure governing discovery provide multiple means by which a party may conduct discovery to secure information or documents that are relevant to the claims in an action. Although a non-party may not be served with interrogatories, requests for production of documents or requests for admission, a non-party may be deposed either orally or by use of written questions and may be served with a subpoena to produce documents. *See* Fed. R. Civ. P. 30, 31, 33, 34, 36, & 45.

Because neither the court, nor the defendants are responsible for conducting discovery or seeking affidavits on Brown's behalf, the motion to compel is denied, without prejudice to Brown using a permitted form of discovery to obtain information from third parties.

### XIII. Motion to Compel [Doc. No. 44]
### Motion to Vacate Objection [Doc. No. 49]

Brown states that on August 19, 2016, he served counsel for the defendants with requests for production of documents, interrogatories and requests for admissions addressed to each of the following defendants: Semple, Trestman, Dr. Crabbe, Gagne, Santiago, Martin, Zegarzewski, Shabenas, Aponte and LaBonte. He also served fifteen motions seeking affidavits of non-party witnesses to counsel for the defendants. Brown contends that the defendants have failed to respond to his discovery requests. Counsel objects to the motion to compel because she did not receive the discovery requests until November 23, 2016.

Brown has filed a motion to vacate counsel's objection to the motion to compel. The alleged delays in producing documents and responses to discovery requests are not a basis to strike counsel's objection to the motion to compel. Nor is the fact that counsel may not have

13

mailed a copy of her objection to the motion to compel to Brown. Accordingly, I deny Brown's motion to strike for lack of good cause shown. I remind counsel, however, that she must send Brown a copy of any document, motion, or memorandum filed in this case via U.S. Mail.

To the extent that Brown seeks to compel counsel for the defendants to respond to his motions for non-party affidavits, I deny the motion for the reasons set forth above. As indicated, I have granted the defendants' request to withdraw admissions. In addition, I have granted the defendants an extension of time until April 1, 2017 (or April 5, 2017, for defendant Semple) to respond to the August 19, 2016 requests for admission, requests for production of documents and interrogatories. Accordingly, I deny without prejudice the motion to compel.

## Conclusion

Brown's Motion for Reconsideration [**Doc. No. 20**] is **GRANTED**. After careful review, the relief requested is **DENIED**, and the Initial Review Order [**Doc. No. 15**] dismissing the claims against Daly and the property claim against Aponte will not be amended.

Brown's Motion for Extension of Time to Amend Pleadings [**Doc. No. 23**] is **DENIED** as moot.

The defendants' Motions for Extension of Time to Respond to Amended Complaint [**Docs. Nos. 37, 51, & 71**] are **DENIED** without prejudice as premature.

The defendants' Motion for Extension of Time to Respond to Discovery [**Doc. No. 46**] is **GRANTED** *nunc pro tunc*. Defendant Semple's Motion for Extension of Time to Respond to Discovery [**Doc. No. 74**] is **GRANTED**, but future extension of time are unlikely to be granted.

The defendants' Motion to Withdraw Admissions [**Doc. No. 47**] is **GRANTED** absent objection, and their Motion to Withdraw Admissions [**Doc. No. 67**] is **DENIED** as moot.

Brown's Motion for Default [**Doc. No. 58**] and his first Motion to Compel [**Doc. No. 44**] are **DENIED** without prejudice; his second Motion to Compel [**Doc. No. 50**] is **DENIED**; and his Motion to Strike Objection [**Doc No. 62**] and Motion to Vacate Objection [**Doc. No. 49**] are **DENIED** for lack of good cause shown.

Brown's Motion for Order to Show Cause [**Doc. No. 24**] is **DENIED** to the extent that it seeks relief related to the completion of the mental health exam by Dr. Burns, and **GRANTED** to the extent that **I order the defendants to file a notice within twenty days of the date of this order** indicating whether mental health staff at Cheshire have been able to provide Brown with twice-weekly mental health treatment as well as any additional mental health treatment sought by Brown. The defendants are also directed to address what services are available at Cheshire after 2:30 p.m. each day.

Brown's Motion for Order to Show Cause [**Doc. No. 29**] and Motion for Sanctions [**Doc. No. 63**] are **DENIED**.

Brown's Motion for Order [**Doc. No. 52**] is **GRANTED**. **Within ten days of the date of this order, I order counsel for the defendants to mail or deliver to Brown a copy of Dr. Burns's report of his evaluation of Brown**.

Brown's Motion to Modify Scheduling Order [**Doc. No. 53**] is **GRANTED**. **I enter the following scheduling order**: **Discovery**, pursuant to Federal Rules of Civil Procedure 26 through 37, **shall be completed within six months (180 days) from the date of this order**. **Motions for summary judgment**, if any, **shall be filed within seven months (210 days) from the date of this order**.

15

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of March 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
